# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In the Matter of:                                                :        Case No. 14-52934
                                                                          :        Chapter 7; Judge John E. Hoffman, Jr.
AMT Machine Systems, Ltd.                          :
                                                                          :
                                            Debtor.        :

**TRUSTEE'S MOTION FOR AUTHORITY (1) TO SELL INVENTORY, EQUIPMENT
AND FIXTURES AT AN ON-LINE AUCTION FREE AND CLEAR (2) TO PAY
AUCTIONEER, AND (3) TO PAY ALLOWED CHAPTER 7 ADMINISTRATIVE RENT
CLAIMS OF LANDLORD OF BUSINESS PREMISES AND OF STORAGE FACILITY**

William B. Logan, Jr., Trustee in the above captioned case ("Trustee"), hereby moves

this Court for an Order pursuant to 11 U.S.C. Sections 105, 363, 365, 503, 506, 541, 554 and any

other applicable provisions, for authority (1) to sell certain inventory, equipment and fixtures at

an on-line auction free and clear of liens, claims, and encumbrances (2) to pay Auctioneer and

associated expenses, and (3) to pay allowed Chapter 7 administrative rent claims of landlord of

business premises and of a storage facility.  A memorandum in support of this motion follows.

Respectfully submitted,

LUPER, NEIDENTHAL & LOGAN, LPA

/s/ Kenneth M. Richards

_____
Kenneth M. Richards, Esq. (0040455)
Attorney for William B. Logan, Jr., Trustee
50 West Broad Street, Suite 1200
Columbus, Ohio 43215
(614) 221-7663; Fax: (866) 345-4948
krichards@LNLattorneys.com

## MEMORANDUM IN SUPPORT

I.    Introduction

1.        Debtor, AMT Machine Systems, Ltd. filed its voluntary Chapter 11 bankruptcy

petition on April 25, 2014.  Debtor converted to a voluntary Chapter 7 bankruptcy case on

November 14, 2014.  William B. Logan, Jr. has been appointed as the Chapter 7 Trustee.  Prior

to its bankruptcy filing, Debtor operated an electronics company located at 6155 Huntley Road,

Unit N, Columbus, Ohio 43229 ("Business Premises"). The landlord of the business premises is

Triangle Commercial Properties LLC ("Landlord").

2.        On Schedule B, Debtor has scheduled its inventory at a value of

$322,283.71.00.  Debtor also scheduled certain office equipment, furniture, computer/electronics

equipment, software, and test stand equipment.    These assets are valued at $0.00 because they

were fully depreciated.  Trustee believes that Debtor was using these assets at the time of the

conversion of this case and Trustee believes these assets have value which can be realized

through the auction process described herein.  Trustee also believes that these assets have

substantially less value at this time, because the Debtor down-sized during the administration of

its Chapter 11 proceeding, and also sold substantially all of its inventory during that period of

time.

3.        Thomas Pugh previously claimed a security interest in most of Debtor's assets.

Mr. Pugh filed a UCC Financing Statement with the Ohio Secretary of State on February 10,

2014.  Trustee believes that this security interest could be avoided as a preference under 11

U.S.C. Section 547.  In lieu of such litigation, Thomas Pugh agreed to voluntarily release his

lien.  A termination statement was filed with the Ohio Secretary of State on December 1, 2014.

4.        In addition to assets located at the Business Premises, Debtor has additional assets

stored in two trailers at Smith Trucking.  Upon information and belief, Debtor stored certain

assets in these trailers when it down-sized its leased premises.  Trustee believes that Debtor

agreed to pay $1,000.00 per month for storage costs, and that there may have been a $2,000.00

arrearage at the time of conversion.

II.  Liquidation Sale and Auction of Inventory, Office Furniture and Equipment, Equipment

and Fixtures Free and Clear of Liens, Claims and Encumbrances

5.     Trustee seeks authority to sell all of Debtor's assets located at the Business

Premises, including the Inventory, Office Furniture and Equipment, Equipment, and any fixtures

(collectively, "Assets").  Trustee seeks authority to sell the Assets pursuant to Section 363 of the

Bankruptcy Code, free and clear of any liens, claims, and encumbrances.  Trustee is unaware of

any party, other than Thomas Pugh, who may claim a security interest in any of the assets.

Debtor's Schedule D lists no other secured creditors.  Trustee has checked the records of the

Ohio Secretary of State and has discovered no additional secured creditors.  Trustee seeks an

order directing that any and all liens, claims, and encumbrances against the Assets to be sold

attach to the proceeds of the sale, in the same order, amount, and priority as they exist against the

Assets.

6.     Section 363(b) of the Bankruptcy Code, provides, in part:

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary

course of business, property of the estate, except that if the debtor in connection with offering a

product or a service discloses to an individual a policy prohibiting the transfer of personally

identifiable information about individuals to persons that are not affiliated with the debtor and if

such policy is in effect on the date of the commencement of the case, then the trustee may not

sell or lease personally identifiable information to any person unless--

(A) such sale or such lease is consistent with such policy; or

(B) after appointment of a consumer privacy ombudsman in accordance with section 332 and

after notice and a hearing, the court approves such sale or such lease--

    (i) giving due consideration to the facts, circumstances, and conditions of such sale or such

lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

Trustee is not aware of any personally identifiable information involved in the proposed sale.

7.     Section 363(f) provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

8.     Trustee believes that the requirements of Sections 363(b) and 363(f) are satisfied. To approve a sale under Section 363, a Bankruptcy Court should look for a "a good business reason" for the sale. Stephens Industries, Inc. v. McClung, 789 F.2d 386, 389 (6th Cir.1986) Courts should also determine if the proposed sale is in the best interests of the bankruptcy estate. In re Phoenix Steel Corp., 82 B.R. 334 (Bankr. D. Del 1987).  Trustee believes that a sound business reason exists for this sale and that the proposed sale is in the best interests of the estate. Trustee does not believe that he can sell the assets in a manner that will yield a higher net return to the bankruptcy estate.  Trustee further believes that any delay in the sale of the assets will result in a diminution of their value and of the proceeds which the Trustee could obtain.

9.      On December 9, 2014, Trustee filed an application to employ Auction Ohio/Chris Davis ("Auctioneer") to conduct the proposed liquidation and auction.  Trustee considered a number of alternatives and determined that the retention of Auctioneer and the procedures proposed by Auctioneer, and as set forth in this Motion, will allow him to maximize the net recovery to the bankruptcy estate.  Auctioneer proposes an on-line auction only for this Assets, which will be conducted as an online auction on www.auctionohio.com.  This auction does not require a minimum bid.  The auction does not require competing bids of any type.  Bid increment acceptance would be at the Auctioneer's discretion.   The on-line auction process will continue for as long as Trustee, at his discretion and with the advice of the Auctioneer, deems appropriate. Trustee estimates, however, that the on-line auction will last for three weeks.

10.      Trustee is continuing to consult with the Auctioneer and with the Landlord regarding two options for conducting this auction.  Under one option, the Assets at the Business Premises would remain at the Business Premises throughout the auction process and purchasers would pick up their purchases at the Business Premises.  The Assets in the storage trailers would be moved to the Auctioneer's facility in Gahanna Ohio.  Under the second option, the Assets, both from the Business Premises and from the trailers, would all be moved to the Auctioneer's facility.  Because the options are very similar, and because time is of the essence, Trustee requests authority to enter pursue whichever option, in his discretion, makes the most economic sense to the bankruptcy estate.

11.      Under either option, the proposed agreement between Trustee and Auctioneer provides for the Auctioneer to receive a twenty percent (20.00%) commission on gross proceeds from the on-line auction.  Auctioneer will pay any sales costs and advertisement costs from its commission and Trustee will not be required to pay any such costs.  Smith Trucks has agreed to deliver the trailers at no additional cost.  Auctioneer will provide the labor to unload these trucks

as part of his commission.  Trustee will incur and pay a $400.00 charge for a forklift for this process.

12. Trustee will also incur an additional storage expenses for Assets at the Auctioneer's facility.  Auctioneer will not charge for the first 14 days the assets are at his facility.  Thereafter, Trustee will incur storage charges of $35.00 per day until the conclusion of the auction if only the Assets from the trailers are stored.  If all Assets are taken to the Auctioneer's facility, the storage charge, after 14 days, would be $75.00 per day.  Trustee does not believe assets will be at the Auctioneer's facility for more than 45 days.  If Assets remain unsold at the conclusion of the on-line auction, Trustee would incur a dumpster charge of $325.00.  If Trustee opts to have all Assets transported to the Auctioneer's facility, he would incur a charge of approximately $5,000.00 to move everything, but he should also be able to move all Assets from the business premises by the end of December 2014, which would allow him to vacate the premises and not have to pay rent for January 2015.

12.    Trustee believes that Auctioneer has experience and expertise in conducting auctions of the type proposed in this motion.  Trustee believes it is in the best interest of the bankruptcy estate for the sale procedures proposed herein to be approved.  Trustee does not believe he could recover significantly higher net proceeds by any other means of liquidation of the Assets.

III. Payment of Auctioneer's Commission

13.    Upon completion of the sale and auction, and upon entry of an order approving the retention of the Auctioneer, Trustee seeks authority to pay to the Auctioneer a commission of twenty percent (20.00%) of the gross proceeds from the liquidation sale and auction.  Trustee also seeks authority to pay any costs associated with the sale and auction.

IV. <u>Payment of Landlord's Allowed Administrative Claim for Post-petition Rent for the Business Premises and for Storage Facility</u>

14.     The base monthly rent for the Business Premises is $4,157.25. Assuming the bankruptcy estate is administratively solvent, Trustee seeks an order authorizing him to pay the allowed Chapter 7 administrative claim of the landlord for the post-conversion use of the Business Premises.  Trustee expects that she will be able to vacate the Business Premises by the end of January 2015, and requests the authority to pay such rent for December, 2014 and for January, 2015.

15.     Trustee also seeks authority to pay Smith Trucks for all accrued post-conversion storage charges, which Trustee believes will be no more than $3,000.00.

16. Because Trustee is incurring administrative claims and needs to sell the Assets as quickly as possible, Trustee is filing a motion which seeks to reduce the notice period to ten days from the date of service.


For the foregoing reasons, therefore, Trustee respectfully urges this Court to grant his Motion.

Respectfully submitted,

LUPER, NEIDENTHAL & LOGAN, LPA

/s/ Kenneth M. Richards

_____
Kenneth M. Richards, Esq. (0040455)
Attorney for William B. Logan, Jr., Trustee
50 West Broad Street, Suite 1200
Columbus, Ohio 43215
(614) 221-7663; Fax:  (866) 345-4948
krichards@LNLattorneys.com


**NOTICE OF RIGHT TO RESPOND WITHIN 21 DAYS**

7

Movant has filed papers with the Court for authority (1) to sell certain inventory, equipment and fixtures at an on-line auction free and clear of liens, claims, and encumbrances (2) to pay Auctioneer and associated expenses, and (3) to pay allowed Chapter 7 administrative rent claims of landlord of business premises and of a storage facility. **By separate Motion, Trustee is seeking authority to reduce the response time to ten day. If this Motion is granted, the period for responding to this motion will be reduced.**

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the court to grant the Motion for Relief From Stay, or if you want the Court to consider your views on the Motion, then on or before twenty-one (21) days from the date of the mailing of this Notice, you or your attorney must:

File with the Court a written request for hearing and an objection to the Motion for Relief from Stay stating therein the basis for your objection. This pleading must be filed at the Clerk of Courts, United States Bankruptcy Court, 170 North High Street, Columbus, OH 43215. If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Kenneth M. Richards, Esq.
50 W. Broad Street, Suite 1200
Columbus, OH 43215

William B. Logan, Jr.
Chapter 7 Trustee
50 West Broad Street, Suite 1200
Columbus, Ohio 43215

United States Trustee
170 North High Street
Columbus, Ohio 43215


If you or your attorney do not take these steps, the Court may decide that you do not

oppose the relief sought in the Motion and may enter an Order granting that relief without further

hearing or notice.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 9, 2014, a copy of the foregoing was
mailed electronically through the Court's ECF system upon the following:

- Allen B Aimar    aaimar@riddellcolpa.net
- Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
- Brian M Gianangeli    bgianangeli@mifsudlaw.com
- Jose Rafael Gonzalez    jrg@gonzalezmorales.com
- Lawrence Hackett    larry.hackett@usdoj.gov
- William B Logan    wlogan@lnlattorneys.com
- William B Logan    wlogan@lnlattorneys.com, wlogan@ecf.epiqsystems.com
- Marilyn McConnell    mmcconnell@aep.com, cmdoomy@aep.com,hmcharles@aep.com
- Richard G Murray    richard@ksrlegal.com, kathy@ksrlegal.com
- Kenneth M Richards    krichards@lnlattorneys.com
- Myron N Terlecky    mnt@columbuslawyer.net, jlh@columbuslawyer.net
- Myron N Terlecky    mnt@columbuslawyer.net,
  oh41@ecfcbis.com;mnt@trustesolutions.net;HABTrustee@columbuslawyer.net

And by regular U.S. Mail, postage prepaid, upon the following, and upon those parties
listed on the attached sheets:

AMT Machine Systems, Ltd.
6155 Huntley Rd., Ste. N
Columbus, OH  43229

Ohio Mobile Shredding
Attn:  Erin McLean
PO Box 307206
Columbus, OH  43230

Thomas Pugh
3547 Lakeshore Drive
Kingsport, then 37663

W. Gorman Waddell, Esq.

PO Box 88
 Kingsport, TN   37662-0088


Auction Ohio
 6555 Busch Blvd. Suite 250
 Columbus, Ohio 43229

Triangle Commercial Properties LLC
470 Olde Worthington Road
Suite 100
Westerville, Ohio 43082


/s/ Kenneth M. Richards

Kenneth M. Richards