UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | Case No. 14-52934 |
| AMT Machine Systems, Ltd. | : | Chapter 7 |
| | : | Judge John E. Hoffman, Jr. |
| Debtor. | : | |

**<u>TRIANGLE COMMERCIAL PROPERTIES, LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM</u>**

Triangle Commercial Properties, LLC ("<u>Triangle</u>"), by and through its undersigned counsel, hereby files this Motion for Allowance and Payment of Chapter 11 Administrative Expense Claim. In support hereof, Triangle respectfully states as follows:

1. On April 25, 2014, the Debtor AMT Machine Systems, Ltd. (the "Debtor") filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code.

2. On June 27, 2014, the Debtor entered into a certain Commercial Lease Agreement (the "<u>Lease</u>") pursuant to which Triangle leased to Debtor a certain premises commonly referred to as 6155 Huntley Road, Columbus, Ohio, 43229, Suite N (the "<u>Premises</u>"). A copy of the Lease is attached as <u>Exhibit A</u>. The Premises was leased by AMT to conduct the operation of its business. The lease commencement date was August 1, 2014.

3. On November 13, 2014, this Court entered an Agreed Order on Motion of Debtor to Dismiss Case and Converting Case pursuant to which the Court converted the Debtor's Chapter 11 case to a proceeding under Chapter 7.

4. On November 14, 2014, William B. Logan was appointed the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate of the Debtor.

5. On December 9, 2014, the Trustee filed his Motion for Authority (1) to Sell Inventory, Equipment and Fixtures at an On-Line Auction Free and Clear (2) to Pay Auctioneer,

and (3) to Pay Allowed Chapter 7 Administrative Rent Claims of Landlord of Business Premises and of Storage Facility (the "Sales Motion").

6. Pursuant to the Sales Motion, the Trustee stated that the Debtor conducted its operations at the Premises. The Trustee also stated that certain inventory, office furniture and equipment were located at the Premises. The Trustee accordingly sought approval of the Court to sell the Debtor's assets pursuant to the terms and conditions set forth in the Sales Motion.

7. The Trustee also acknowledged that Triangle is the landlord of the Premises and sought authority to pay Triangle its allowed Chapter 7 administrative rent claim for the post-conversion use of the Premises.

8. On December 18, 2014, Triangle filed its Limited Objection to the Sales Motion. Pursuant to this Limited Objection, Triangle asserted certain objections to the relief sought by the Trustee in the Sales Motion.

9. On January 7, 2015, this Court approved the Agreed Order granting the Trustee's Sales Motion. The Agreed Order resolved certain issues between Triangle and the Trustee concerning the use of the Premises relating to the sale of the Debtor's assets. Those issues included payment of monthly rent/CAM, compliance with the terms and conditions of the Lease while the bankruptcy estate is in possession and use of the Premises, the Trustee's return of the Premises to Triangle and the preservation of Triangle's right to seek allowance of an administrative expense claim for the remaining obligations under the Lease (and the Trustee's right to respond to any such request).

10. The Trustee vacated the Premises and returned possession of the Facility to Triangle on or about January 31, 2015.

11. Triangle submits this Motion seeking the allowance and payment of the remaining obligations under the post-petition Lease as a Chapter 11 administrative expense claim. These obligations were previously identified in the Notice of Unpaid Debts Incurred While this Case Was Proceeding Under Chapter 11 (Dkt. No. 98) filed by the Debtor, which is attached hereto as Exhibit B. In that document, the Debtor identified the remaining base rent and common area maintenance charges as unpaid claims incurred during the pendency of the Chapter 11 case.

12. Section 503(b) of the Bankruptcy Code provides for the allowance and payment of administrative expenses for the "actual, necessary costs and expenses of preserving the estate …." 11 U.S.C. § 503(b). "For a claim to qualify as an actual and necessary administrative expense (1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." In re Merry-Go-Round Enterprises, Inc., 180 F.3d 149, 157 (4th Cir. 1999).

13. On facts substantially similar to the instant case, the Fourth Circuit affirmed the decision of the District Court granting the landlord administrative expense priority for future rent under a post-petition lease. The Court explained its decision as follows:

> One of the main purposes behind granting administrative priority to certain expenses under *§ 503(b)(1)(A)* is to provide an incentive for creditors and landlords to continue or commence doing business with a bankrupt party. *See In re Colortex Indus. Inc. 19 F.3d 1371, 1384 (11th Cir. 1994).* If landlords … are not guaranteed to receive at least administrative priority on future rent, then they would have little incentive to enter into long-term leases with any tenant who has declared Chapter 11.

Id. at 158. The Fourth Circuit further explained:

> Tenants also benefit from giving landlords incentive to lease to insolvent parties. If landlords do not receive some assurance that their leases will be paid in full, then they will refuse to enter into leases with Chapter 11 tenants. Chapter 11 debtors-in-possession … would find then find

> themselves in the "Catch 22" situation of needing a new lease to get out of bankruptcy but being denied a new lease because they are bankrupt. As a result, many more debtors-in-possession might be forced to declare Chapter 7.

Id.

14. After examining the effect of the lease on the debtor and lessor, the Fourth Circuit found "that the future rent of the [leased] premises was an actual and necessary expense of preserving the estate and grant[ed] it administrative priority." Id. The Fourth Circuit went on to conclude that such claims are entitled to Chapter 11 administrative expense priority. Id. at 162; see also In re Lamparter Organization, Inc., 207 B.R. 48 (E.D.N.Y. 1997)(concluding that "future rent is entitled to administrative expense priority" for a long-term lease entered into with a Chapter 11 debtor in possession).

15. The subject Lease was entered into by the Debtor post-petition. The Debtor operated its business there until the Court approved the conversion of its case to Chapter 7. As explained in the Sales Motion, the Debtor's business assets were located at the Premises upon conversion.

16. Triangle was already granted Chapter 7 administrative priority for the post-conversion rent and CAM pursuant to the Agreed Order approving the Sales Motion. Those claims were paid by the Trustee pursuant to a check issued on January 15, 2015.

17. Attached hereto as Exhibit C is a copy of a Remaining Lease Obligations statement setting forth the claims that Triangle asserts as Chapter 11 administrative expense claims. The total amount of such claims is $133,612.80. Triangle is currently holding a security deposit that may be applied (pursuant to Court order) to pay a part of the remaining lease obligations.

-5-

18. As a precaution, and to the extent that AMT should file a proof of claim asserting this administrative expense claim, AMT is separately and simultaneously filing a proof of claim with this Motion.

WHEREFORE, AMT respectfully requests that this Court grant this Motion by (1) allowing Triangle a Chapter 11 administrative expense claim in the amount of $133,612.80 for the obligations set forth in Exhibit C and authorizing and directing the Trustee to pay such claims and (2) granting such other and further relief as this Court may deem just and appropriate.

          Respectfully submitted,

          /s/ Robert A. Bell, Jr.
          Robert A. Bell, Jr. (0072780)
          VORYS, SATER, SEYMOUR AND PEASE LLP
          52 E. Gay Street
          P.O. Box 1008
          Columbus, OH 43216-1008
          (614) 464-5469
          rabell@vorys.com

          *Attorneys for Triangle Commercial Properties, LLC*

## NOTICE OF RIGHT TO RESPOND WITHIN 21 DAYS

Triangle has filed papers with the Court seeking allowance and payment of certain claims as Chapter 11 administrative claims.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before twenty-one (21) days from the date of the mailing of this Notice, you or your attorney must:

File with the Court a written request for hearing and an objection to the Motion for Allowance and Payment of Chapter 11 Administrative Expense Claim stating therein the basis for your objection. This pleading must be filed at the Clerk of Courts, United States Bankruptcy Court, 170 North High Street, Columbus, OH 43215. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy to:

Robert A. Bell, Jr., Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008

Columbus, OH 43216-1008
United States Trustee
170 North High Street
Columbus, OH 43215

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief without further hearing or notice.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 26, 2015, a copy of the foregoing was mailed electronically through the Court's ECF system upon the following:

- Allen B. Aimar          aaimar@riddellcolpa.net
- Asst US Trustee (Col)   ustpregion09.cb.ecf@usdoj.gov
- Brian M. Gianangeli     bgianangeli@mifsudlaw.com
- Jose Rafael Gonzalez    jrg@gonzalezmorales.com
- Lawrence Hackett        larry.hackett@usdoj.gov
- William B. Logan        wlogan@lnlattorneys.com
- William B. Logan        wlogan@lnlattorneys.com, wlogan@ecf.epiqsystems.com
- Marilyn McConnell       mmcconnell@aep.com, cmdoomy@aep.com, hmcharles@aep.com
- Richard G. Murray       richard@ksrlegal.com, kathy@ksrlegal.com
- Kenneth M. Richards     krichards@lnlattorneys.com
- Myron N. Terlecky       mnt@columbuslawyer.net, jlh@columbuslawyer.net
- Myron N. Terlecky       mnt@columbuslawyer.net, oh41@ecfcbis.com, mnt@trustesolutions.net, HABTrustee@columbuslawyer.net

And by regular U.S. Mail, postage prepaid, upon the following parties:

Kenneth M. Richards, Esq.
50 W. Broad Street, Suite 1200
Columbus, OH 43215

William B. Logan, Jr.
Chapter 7 Trustee
50 West Broad Street, Suite 1200
Columbus, OH 43215

AMT Machine Systems, Ltd.
6155 Huntley Rd., Ste. N
Columbus, OH 43229

Ohio Mobile Shredding
Attn: Erin McLean
P.O. Box 307206
Columbus, OH 43230

Thomas Pugh
3547 Lakeshore Drive
Kingsport, TN 37663

W. Gorman Waddell, Esq.
P.O. Box 88
Kingsport, TN 37662-0088

Auction Ohio
6555 Busch Blvd., Suite 250
Columbus, Ohio 43229

Strip, Hoppers, Leithart,
McGrath & Terlecky Co., LPA
575 S. Third St.
Columbus, OH 43215

United Parcel Service
P.O. Box 7247-0244
Philadelphia, PA 19170-0001

Sheakley UniService
One Sheakley Way
Cincinnati, Ohio 45246

Sheakley Uniservice
P.O. Box 465603
Cincinnati, Ohio 45246

Verizon
P.O. Box 25505
Lehigh Valley, PA 18002-5505

Intek Systems
Dept 116246
P.O. Box 5211
Binghamton, NY 13902-5655

UPS
P.O. Box 7247-0244
Philadelphia, PA 19170-0001

-9-

Sterling Protective Services
3799 Parkway Lane
Hilliard, Ohio 43026

American Electric Power
P.O. Box 24418
Canton, Ohio 44701-4418

Columbia Gas
P.O. Box 742510
Cincinnati, Ohio 45274-2510

Time Warner Business Class
P.O. Box 0916
Carol Stream, IL 60132-0916

Nicholas Pokrajac
Tax Auditor
California Board of Equalization
Chicago District Office - OHA
120 North LaSalle Street, Suite 1500
Chicago, IL 60602-2491

                                                /s/ Robert A. Bell, Jr.
                                                Robert A. Bell, Jr.